UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURT FILE NO.: _____

| | |
|---|---|
| WILSON DACOSTA, <br><br> Plaintiff, <br> v. <br><br> JAFFE & ASHER, LLP, <br><br> Defendant. | '11 CIV 8758 <br><br> **COMPLAINT** <br><br> JUDGE BRICCETTI <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Wilson Dacosta is a natural person who resides in the City of Yonkers, County of Westchester, State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Jaffe & Asher, LLP. is a collection agency operating from an address of 600 Third Avenue, New York, NY 10016 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an account with American Express, account ending in 2009.

7. On or about May 29, 2009, with the Seideman Firm acting as his agent, Plaintiff reached an agreement with NCO Financial Systems, Inc. to settle the debt for $5554.92. Under the terms of this agreement, the $5554.92 had to be paid by June 30, 2009.

8. On or about May 22, 2009, Plaintiff issued payment in the amount of $5554.92 to NCO Financial Systems, Inc.

9. On or about June 1, 2009, payment cleared and was deposited into a bank account owned by NCO Financial Systems, Inc.

10. On or around December 2, 2010, Defendant sent a letter alleging amounts due on this settled account.

11. The above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(5).

12. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to these Plaintiffs.

13. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

15. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and

every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

18. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 30, 2011

GLEN A. KURTIS, P.C.

By: _____
Glen A. Kurtis
Attorney I.D.#GAK-9357
175 Main Street, Ste.#614
White Plains, NY 10601
Telephone: 914-686-3171
Facsimile: 914-686-8175
**Attorney for Plaintiff**